912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Wayne STEWART, Defendant-Appellant.
 No. 89-5767.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Sept. 4, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-104)
 Gregory T. Hinton, Fairmont, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney, Robert H. McWilliams, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, DONALD RUSSELL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant, Michael Wayne Stewart, appeals from his conviction and sentence for distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Specifically, Stewart contends that the district court's entrapment jury instruction did not sufficiently clarify the requirement of the defendant's predisposition necessary for conviction. In addition, he alleges that the court erred in refusing to reduce his sentencing level for acceptance of responsibility. For the reasons discussed below, we hold that neither of these arguments have merit, and we affirm Stewart's conviction and sentence.
 
 I.
 
 2
 On the night of November 26, 1988, a government informant, Darrell Miller, was told by Stewart's brother that Stewart had a quantity of cocaine for sale. Miller contacted Stewart and told him that he wanted to purchase a quarter ounce of cocaine. Stewart told Miller that there would be "no problem" and that the cost would be $500.00.
 
 
 3
 Stewart drove to Miller's trailer around 4:00 a.m. on the morning of November 27 and gave Miller two separate packages--one containing a quarter ounce and one containing "a little bit" for Miller to "put aside" for himself. During this time, Stewart also told Miller about some of his other drug dealings. This transaction was tape-recorded and monitored by Charles Hudson, a West Virginia State Trooper who was working undercover for the Federal Narcotics Task Force. Hudson took immediate possession of the cocaine and arrested Stewart. At the trial, the tape was played for the jury.
 
 
 4
 On April 20, 1989, a federal grand jury sitting in the Northern District of West Virginia returned a two-count indictment charging Stewart with distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) ("Count I"), and with attempt to distribute cocaine, in violation of 21 U.S.C. Sec. 846.
 
 
 5
 At the trial, Stewart presented an entrapment defense. He testified that he told Miller the cocaine that he had on November 27 was for his own personal use and that he was not "dealing coke." Stewart said that Miller tried to make him feel guilty about not selling to him and tried to convince him to sell him cocaine. According to Stewart's testimony, he finally sold Miller the cocaine because Miller kept asking him, telling Stewart that he was addicted and that he really needed it.
 
 
 6
 After the three-day trial, the jury found Stewart guilty on Court I of the indictment but acquitted him on Count II. The district court denied Stewart's post-trial Motion for Judgment of Acquittal or New Trial, and Stewart filed a notice of appeal to this court.
 
 II.
 
 7
 In his testimony, Stewart admitted that he had violated conditions of his parole for an earlier offense by associating with persons known to have criminal records and by using cocaine.* He now claims that the entrapment instruction given by the court resulted in the jury improperly focusing upon these parole violations and not upon his predisposition to distribute cocaine. After carefully examining the record, we are convinced that the charge to the jury clearly set forth the elements necessary for conviction of the offenses of distribution and attempted distribution of cocaine and was not in any way error.
 
 
 8
 The court gave the entrapment instructions contained in Devitt and Blackmar's Federal Jury Practice and Instructions. As this court has noted, this charge adequately presents the issue of entrapment to the jury and provides the defendant full opportunity to argue the defense. See Joyner v. United States, 547 F.2d 1199, 1201 & n. 1 (4th Cir.1977). The instructions state in pertinent part:
 
 
 9
 [I]f you find no evidence that the government induced the defendant to commit the crimes with which he is charged here, there can be no entrapment. On the other hand, if you find some evidence that the defendant was induced to commit the offenses with which he is charged, you must then go on to consider if the defendant was predisposed to commit such offenses.
 
 
 10
 Joint Appendix at 452 (emphasis added). Immediately thereafter, the district court judge also instructed the jury:
 
 
 11
 Before a defendant can be found guilty of crime, the prosecution must establish beyond reasonable doubt that under the statute described in these instructions, the defendant was forbidden to do the acts charged in the indictment counts and that he willfully and intentionally committed the acts.
 
 
 12
 Joint Appendix at 453 (emphasis added).
 
 
 13
 These instructions are sufficiently clear to explain to the jury members that, to convict Stewart, they must find a predisposition to distribute cocaine--not just to violate the conditions of his parole.
 
 
 14
 The second issue raised on appeal is whether the district court erred in refusing to allow Stewart a two-level reduction in his sentencing level for acceptance of responsibility. Section 3E1.1(a) of the Sentencing Guidelines allows the trial court to reduce a defendant's level by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...."
 
 
 15
 "Whether to apply Guideline Sec. 3E1.1 is clearly a factual issue and thus reviewable under a clearly erroneous standard." United States v. White, 875 F.2d 427, 431 (4th Cir.1989). In the present case, Stewart admitted that he had possessed cocaine but denied his intent to distribute it. The district court concluded that because Stewart had not provided a "voluntary and truthful admission to the authorities as to his overall involvement in the offense," he had not been sufficiently "forthright" to meet the criteria of section 3E1.1. Joint Appendix at 479-80. Very similar facts arose in United States v. Gordon, 895 F.2d 932 (4th Cir.1990), petition for cert. filed, 59 U.S.L.W. 3053 (U.S. June 29, 1990) (No. 90-15), in which this court affirmed the district's court refusal to reduce the defendant's offense level. Id. at 936-37. Following that precedent, we likewise find that the district court did not clearly err in denying Stewart the reduction for acceptance of responsibility.
 
 III.
 
 16
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and oral argument would not aid the decisional process. See Fed.R.App.P. 34(a)(3); Loc.R. 34(a). For the reasons explained above, Stewart's conviction and sentence are
 
 
 17
 AFFIRMED.
 
 
 
 *
 At the time of his arrest, Stewart was on parole after serving twenty-four months of a five-year federal sentence for conspiracy to sell cocaine